<div style="text-align:center">

# BOWIE & JENSEN, LLC
ATTORNEYS AT LAW
6TH FLOOR 29 W. SUSQUEHANNA AVENUE
TOWSON, MARYLAND 21204
HTTP://WWW.BOWIE-JENSEN.COM/
INFO@BOWIE-JENSEN.COM
(410) 583-2400
FAX (410) 583-2437

</div>

**EXHIBIT A to Defendant's Motion for Summary Judgment**
**Case No. 1:12-cv-00971-BAH**

MICHAEL D. OLIVER

E-MAIL:
OLIVER@BOWIE-JENSEN.COM

October 30, 2012

**Via fax: (301) 341-5727 & email  jhoppe@mhhhlawfirm.com**
Jon A. Hoppe, Esq.
Maddox, Hoppe, Hoofnagle & Hafey LLC
1401 Mercantile Lane, Suite 105
Largo MD 20774

Re:   Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.) (the "Action")

Mr. Hoppe:

We have been retained by Dr. Suter in the above referenced Action.  This letter is to place you on notice that Dr. Suter never downloaded or used bit torrent, or any other file sharing software, and never accessed, reproduced, downloaded, stored, distributed, made derivative works from, or otherwise viewed any of the content listed in the attachment to the complaint in the Action.  Moreover, Dr. Suter maintained devices that operate well within the immunity established in 17 U.S.C. § 512(a).  I have attached a declaration under oath establishing facts that support the above statements.

Demand is hereby made that you dismiss this lawsuit immediately, before Dr. Suter incurs further attorneys' fees.  Please be advised that if the lawsuit is continued without sufficient facts (the facts alleged in the complaint are plainly insufficient as they do not allege that Dr. Suter personally undertook any of acts that your client asserts violate law), and if Dr. Suter is called on to incur additional fees and actually defend this matter, she will seek all of her fees and costs under 17 U.S.C. § 505.

If you refuse to so dismiss this case, request is hereby made for an extension of time to file a responsive pleading in the Action, through the 60th day after service (please provide me with your affidavit of service, as it is not yet on PACER, to verify this date).

<div style="text-align:right">

Very truly yours,

*[signature]*

Michael D. Oliver

</div>

Cc: Dr. Barbara Suter

# DECLARATION OF BARBARA SUTER, Ph.D.

I, Barbara Suter, Ph.D., declare as follows:

1. I am over the age of eighteen (18) and am competent to testify to the matters set forth herein.

2. I reside at 6350 31st Street Washington, DC 20015. I own the property located there. My son, Jacob Suter resides with me.

3. I maintain an internet connection with Comcast (the "Provider") at the above address, via the following equipment: a cable router provided by such Provider and a wireless device that contains ethernet ports (physical cable connections) and hardware that allows people to connect to the internet via the broadcast SSID and a passphrase (the "Devices").

4. My son and I have friends that periodically come over and we provide them the passphrase to connect their computers to my Devices via the wireless connection. Their devices can range from phones, tablets to laptops and computers.

5. The Devices I maintain operate in the following manner:

   a. the transmission of the material on the Device is initiated by or at the direction of a person other than me (the service provider);

   b. the transmission, routing, provision of connections, or storage is carried out through an automatic technical process without selection of the material by me (the service provider);

   c. I (the service provider) do not select the recipients of the material except as an automatic response to the request of another person;

d. no copy of the material made by me (the service provider) in the course of such intermediate or transient storage is maintained on my system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than is reasonably necessary for the transmission, routing, or provision of connections; and

e. the material is transmitted through the system or network without modification of its content.

6. I have never downloaded or used bit torrent, or any other file sharing software, and never accessed, reproduced, downloaded, stored, distributed, made derivative works from, or otherwise viewed any of the content listed in the attachment to the complaint in Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.).

7. I have and had no knowledge that any person who I provided any access to my wireless Devices had downloaded or used bit torrent, or any other file sharing software, and never accessed, reproduced, downloaded, stored, distributed, made derivative works from, or otherwise viewed any of the content listed in the attachment to the complaint in Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.).

I SOLEMNLY AFFIRM under the penalties of perjury and upon personal knowledge that the contents of the foregoing Declaration are true.

10/30/12
Date

Barbara Suter, Ph.D.
6350 31st Street
Washington, DC 20015

EXHIBIT B to Defendant's Motion for Summary Judgment

Case No. 1:12-cv-00971-BAH

# Michael D. Oliver

| | |
|---|---|
| **From:** | Michael D. Oliver |
| **Sent:** | Monday, November 05, 2012 7:36 PM |
| **To:** | jhoppe@mhhhlawfirm.com |
| **Subject:** | RE: Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.) |
| | |
| **TimeMattersID:** | MA0BFA11B0F86796 |
| **TM Contact:** | Suter, Barbara |
| **TM Matter No:** | 23503 |
| **TM Matter Reference:** | Suter, Barbara re: Bit Torrent Copyright Infringement |

I called you today, and reached an administrator at your office.  I identified that I was counsel to Dr. Suter, and wanted to discuss with you this lawsuit that has been filed against her, and particularly, my request for an extension of time to file a responsive pleading.  She stated that I was to call one Elizabeth Jones, and she gave me her number.  I asked who she was and how she is connected to this matter, and your admin did not know, she just knew that counsel calling about these cases were to call this person.

So, I called Elizabeth Jones and identified myself as counsel to Dr. Suter at the beginning of the conversation.  I asked her who she was (because your admin did not know).  She stated that she worked for the plaintiff.  She then took a moment to get the file.  At this point I asked her for a response to the letter I wrote asking for an extension, and I asked her whether she was a lawyer.  She said she was not a lawyer.  She said that she was authorized to discuss settlement and the case, so I proceeded.

I asked Ms. Jones if she had discussed this case with Dr. Suter before I was retained.  She said she had.  I asked her what Dr. Suter had said to her.  She stated to me that Dr. Suter had told Ms. Jones what Dr. Suter told me, that Dr. Suter did not engage in any of these acts, that friends of her son who had come over apparently used her internet connection to download the content.  I do not know whether that conversation occurred before the complaint was filed, but if it had, I wonder on what basis the complaint was filed.

I then stated that Dr. Suter was incurring attorneys' fees to defend this case and she wants to settle, even though she is not liable under any theory of law.  I offered what I typically offer in these cases where the defendant had no knowledge of the claims - $200/work, which is the innocent infringer reduction (even though Ms. Jones stated to me that only 5 of the titles listed in the complaint have filed registrations and thus arguably even entitled to statutory damages).  Ms Jones then said "that is not even 3 hours of your time" (implying that Dr. Suter will incur more than that just to have me enter my appearance) and that "she would inform counsel" that this case would not settle and that parties were "far apart."

I then stated to Ms. Jones that a federal lawsuit cannot be filed without the plaintiff having done sufficient research into its claims to justify the case, and that I have now provided a declaration under oath that Dr. Suter did not engage in any of the acts stated in the complaint.  This declaration was predated by Dr. Suter directly explaining this to your client.  Dr. Suter is a practicing psychiatrist - this lawsuit is public and anyone can now view these meritless claims against her.  This has the potential to damage her reputation.  It is not a small thing to file a federal complaint alleging someone has engaged in essentially criminal conduct.  The claims are false as we have stated to you under oath.

I requested a response to my request for an extension.  She indicated that she would contact counsel (presumably you) and get back to me.  I made that initial request more than 5 days ago (last Tuesday).  I reiterate them here again.

As I stated to Ms. Jones, Dr. Suter wants to resolve this, even though she is not liable, because she is incurring attorneys' fees.  The original offer as I understand it was $7,000 (apparently $1,000 per work, even though only 5 are registered), which without any other evidence against Dr. Suter, is patently unfair.  If your client is interested in settling and we need more time, please consent to an extension; if your client continues on this course and we are forced to file a responsive pleading, unless some additional evidence is presented against Dr. Suter, I would have to consider a counterclaim for abuse of process.

If part of the resolution involves you or your client obtaining additional information from Dr. Suter, such as by an interview, or some other verification of her declaration, please let me know what you need.  I am not trying to be litigious or difficult, but at the same time, I will expect your client and you to file (and continue to prosecute) cases in good faith and with a basis.  You did not afford any weight to Dr. Suter's pre-suit claim of innocence, and presumed guilt.  I have now provided you with her statements under oath, and am offering other cooperation to make your own determination that she is not liable.  If you do not make an adequate investigation and continue this suit without a valid basis, our client would most likely seek recovery of her fees.

I want it made clear that I was directed by your office to call your client directly.  I will not call her again, unless she calls me, or you or your office directs me to do so.

Michael D. Oliver, Esq.
Member,
Bowie & Jensen, LLC
29 W. Susquehanna Ave.
Suite 600
Towson, MD 21204
(443) 921-4277 (direct dial)
(410) 583-2400 (general)
(410) 583-2437 (fax)
Skype: oliver.bowiejensen
oliver@bowie-jensen.com
http://iplaw.bowie-jensen.com/

---

> **From:** Michael D. Oliver
> **Sent:** Tuesday, October 30, 2012 1:37 PM
> **To:** 'jhoppe@mhhhlawfirm.com'
> **Subject:** Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.)
>
> Please open the attached letter.
>
> Michael D. Oliver, Esq.
> Member,
> Bowie & Jensen, LLC

29 W. Susquehanna Ave.
Suite 600
Towson, MD 21204
(443) 921-4277 (direct dial)
(410) 583-2400 (general)
(410) 583-2437 (fax)
Skype: oliver.bowiejensen
oliver@bowie-jensen.com
http://iplaw.bowie-jensen.com/

**EXHIBIT C to Defendant's Motion for Summary Judgment**

**Case No. 1:12-cv-00971-BAH**

# Michael D. Oliver

| | |
|---|---|
| **From:** | Michael D. Oliver |
| **Sent:** | Tuesday, November 13, 2012 8:09 AM |
| **To:** | jhoppe@mhhhlawfirm.com |
| **Subject:** | Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.) |
| **Attachments:** | Signed Declaration of Amon Hotep.PDF |
| | |
| **TimeMattersID:** | MBDDBA123E557752 |
| **TM Contact:** | Suter, Barbara |
| **TM Matter No:** | 23503 |
| **TM Matter Reference:** | Suter, Barbara re: Bit Torrent Copyright Infringement |

Jon: Attached is a signed declaration of the person who actually did the downloading, further corroborating the previous declaration offered by Dr. Suter.

I have not yet filed the stip, and request is hereby made again that you dismiss this case against Dr. Suter. My prior email stands - as no answer is filed you can do this without prejudice at this point. If you want tolling, we need an agreement because I want notice before any new suit is filed. Even without tolling I would respectfully ask for notice, but no need for any contracts in that regard.

If I do not hear from you, I will file the stip probably mid-day today.

Best regards,

Michael D. Oliver, Esq.
Member,
Bowie & Jensen, LLC
29 W. Susquehanna Ave.
Suite 600
Towson, MD 21204
(443) 921-4277 (direct dial)
(410) 583-2400 (general)
(410) 583-2437 (fax)
Skype: oliver.bowiejensen
oliver@bowie-jensen.com
http://iplaw.bowie-jensen.com/

## DECLARATION OF AMON HOTEP

I, Amon Hotep, declare as follows:

I am over the age of eighteen (18) and am competent to testify to the matters set forth herein.

I reside at 6350 31st St NW Washington dc 20015. I am a guest at this property – I am visiting Dr. Barbara Suter, the owner of that property.

Dr. Suter, through her son, Jacob, provided me with the wireless broadcast ID and key phrase to access her internet connection through her wireless router.

I accessed the internet connection on my own laptop. I admit to installing bit torrent software on my laptop and downloading certain movies onto my laptop for viewing (the movies I downloaded are identified the attachment to the complaint in Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.)). I was not aware that the software I used was also uploading/streaming those movies anywhere, or sharing my laptop or the internet connection I was using.

Dr. Suter had no knowledge of my activities (until she was advised of the complaint referenced above). As soon as she became aware of the complaint she asked me to delete the software and movies, and I deleted all of the bit torrent software and the movies from my laptop and have not since that time used any bit torrent software or to my knowledge, downloaded any movies that I had not paid for.

I SOLEMNLY AFFIRM under the penalties of perjury and upon personal knowledge that the contents of the foregoing Declaration are true.

11/12/2012  
Date

Amon Hotep  
6350 31st Street  
Washington, DC 20015

EXHIBIT D to Defendant's Motion for Summary Judgment

Case No. 1:12-cv-00971-BAH

# Michael D. Oliver

| | |
|---|---|
| **From:** | Jon Hoppe <JHoppe@mhhhlawfirm.com> |
| **Sent:** | Friday, November 16, 2012 11:48 PM |
| **To:** | Michael D. Oliver |
| **Subject:** | RE: Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.) |
| | |
| **TimeMattersID:** | M1941A12813C0111 |
| **TM Contact:** | Suter, Barbara |
| **TM Matter No:** | 23503 |
| **TM Matter Reference:** | Suter, Barbara re: Bit Torrent Copyright Infringement |

FOR SETTLEMENT PURPOSES ONLY
WITHOUT PREJUDICE
PER FRE 408

Michael:

Unfortunately, I am not able to dismiss your client based upon the information provided in Mr. Hotep's Declaration.The information provided therein is insufficient even to begin negotiation of settlement with Mr. Hotep, let alone to substitute Mr. Hotep for your client as a defendant in a second amended complaint.

Very truly yours,

Jon A. Hoppe, Esquire
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580 (ph.)
(301) 341-5727 (fax)

_____
The information contained in this electronic message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone at the number printed above and return the original to the sender at the address printed above via electronic mail. Thank you.

---

**From:** Michael D. Oliver [mailto:oliver@Bowie-Jensen.com]
**Sent:** Thu 11/15/2012 3:13 PM
**To:** Jon Hoppe
**Subject:** RE: Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.)

Jon: Please respond to my request for dismissal below (and restated in my email of Tuesday this week [11/13] in which I transmitted the Declaration of the actual infringer which you requested).

If there is additional evidence gathering you need from our client please note my offer in the email below. I am trying to minimize our clients fees.

Best regards,



Michael D. Oliver, Esq.
Member,
Bowie & Jensen, LLC
29 W. Susquehanna Ave.
Suite 600
Towson, MD 21204
(443) 921-4277 (direct dial)
(410) 583-2400 (general)
(410) 583-2437 (fax)
Skype: oliver.bowiejensen
oliver@bowie-jensen.com
http://iplaw.bowie-jensen.com/

---

**From:** Michael D. Oliver
**Sent:** Monday, November 05, 2012 7:36 PM
**To:** jhoppe@mhhhlawfirm.com
**Subject:** RE: Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.)

I called you today, and reached an administrator at your office.  I identified that I was counsel to Dr. Suter, and wanted to discuss with you this lawsuit that has been filed against her, and particularly, my request for an extension of time to file a responsive pleading.  She stated that I was to call one Elizabeth Jones, and she gave me her number.  I asked who she was and how she is connected to this matter, and your admin did not know, she just knew that counsel calling about these cases were to call this person.

So, I called Elizabeth Jones and identified myself as counsel to Dr. Suter at the beginning of the conversation.  I asked her who she was (because your admin did not know).  She stated that she worked for the plaintiff.  She then took a moment to get the file.  At this point I asked her for a response to the letter I wrote asking for an extension, and I asked her whether she was a lawyer.  She said she was not a lawyer.  She said that she was authorized to discuss settlement and the case, so I proceeded.

I asked Ms. Jones if she had discussed this case with Dr. Suter before I was retained.  She said she had.  I asked her what Dr. Suter had said to her.  She stated to me that Dr. Suter had told Ms. Jones what Dr. Suter told me, that Dr. Suter did not engage in any of these acts, that friends of her son who had come over apparently used her internet connection to download the content.  I do not know whether that conversation occurred before the complaint was filed, but if it had, I wonder on what basis the complaint was filed.

I then stated that Dr. Suter was incurring attorneys' fees to defend this case and she wants to settle, even though she is not liable under any theory of law.  I offered what I typically offer in these cases where the defendant had no knowledge of the claims - $200/work, which is the innocent infringer reduction (even though Ms. Jones stated to me that only 5 of the titles listed in the complaint have filed registrations and thus arguably even entitled to statutory damages).  Ms Jones then said "that is not even 3 hours of your time" (implying that Dr. Suter will incur more than that just to have me enter my appearance) and that "she would inform counsel" that this case would not settle and that parties were "far apart."

I then stated to Ms. Jones that a federal lawsuit cannot be filed without the plaintiff having done sufficient research into its claims to justify the case, and that I have now provided a declaration under oath that Dr. Suter did not engage in any of the acts stated in the complaint.  This declaration was predated by Dr. Suter directly explaining this to your client.  Dr. Suter is a practicing psychiatrist - this lawsuit is public and anyone can now view these meritless claims against her.  This has the potential to damage her reputation.  It is not a small thing to file a federal complaint alleging someone has engaged in essentially criminal conduct.  The claims are false as we have stated to you under oath.

I requested a response to my request for an extension.  She indicated that she would contact counsel (presumably you) and get back to me.  I made that initial request more than 5 days ago (last Tuesday).  I reiterate them here again.

As I stated to Ms. Jones, Dr. Suter wants to resolve this, even though she is not liable, because she is incurring attorneys' fees.  The original offer as I understand it was $7,000 (apparently $1,000 per work, even though only 5 are registered), which without any other evidence against Dr. Suter, is patently unfair.  If your client is interested in settling and we need more time, please consent to an extension; if your client continues on this course and we are forced to file a responsive pleading, unless some additional evidence is presented against Dr. Suter, I would have to consider a counterclaim for abuse of process.

If part of the resolution involves you or your client obtaining additional information from Dr. Suter, such as by an interview, or some other verification of her declaration, please let me know what you need.  I am not trying to be litigious or difficult, but at the same time, I will expect your client and you to file (and continue to prosecute) cases in good faith and with a basis.  You did not afford any weight to Dr. Suter's pre-suit claim of innocence, and presumed guilt.  I have now provided you with her statements under oath, and am offering other cooperation to make your own determination that she is not liable.  If you do not make an adequate investigation and continue this suit without a valid basis, our client would most likely seek recovery of her fees.

I want it made clear that I was directed by your office to call your client directly.  I will not call her again, unless she calls me, or you or your office directs me to do so.



Michael D. Oliver, Esq.
Member,
Bowie & Jensen, LLC
29 W. Susquehanna Ave.
Suite 600
Towson, MD 21204
(443) 921-4277 (direct dial)
(410) 583-2400 (general)
(410) 583-2437 (fax)
Skype: oliver.bowiejensen
oliver@bowie-jensen.com
http://iplaw.bowie-jensen.com/

**From:** Michael D. Oliver
**Sent:** Tuesday, October 30, 2012 1:37 PM

**To:** 'jhoppe@mhhhlawfirm.com'
**Subject:** Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.)

Please open the attached letter.



Michael D. Oliver, Esq.
Member,
Bowie & Jensen, LLC
29 W. Susquehanna Ave.
Suite 600
Towson, MD 21204
(443) 921-4277 (direct dial)
(410) 583-2400 (general)
(410) 583-2437 (fax)
Skype: oliver.bowiejensen
oliver@bowie-jensen.com
http://iplaw.bowie-jensen.com/

# BOWIE & JENSEN, LLC

ATTORNEYS AT LAW
6TH FLOOR 29 W. SUSQUEHANNA AVENUE
TOWSON, MARYLAND 21204
HTTP://WWW.BOWIE-JENSEN.COM/
INFO@BOWIE-JENSEN.COM
(410) 583-2400
FAX (410) 583-2437

**EXHIBIT E to Defendant's Motion for Summary Judgment**

**Case No. 1:12-cv-00971-BAH**

MICHAEL D. OLIVER

E-MAIL:
OLIVER@BOWIE-JENSEN.COM

November 19, 2012

**Via fax: (301) 341-5727 & email jhoppe@mhhhlawfirm.com**
Jon A. Hoppe, Esq.
Maddox, Hoppe, Hoofnagle & Hafey LLC
1401 Mercantile Lane, Suite 105
Largo, MD 20774

Re:    <u>Patrick Collins, Inc. v. Barbara Suter</u>, 1:12-cv-00971-BAH (U.S. D.C.) (the "Action")

Mr. Hoppe:

This letter is notice pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") that the above mentioned lawsuit is being prosecuted in bad faith and that our client will seek sanctions against your client and/or you, under that rule, if the case is not promptly dismissed.

The basis for this letter and your violation of Rule 11 is as follows:

Fed. R. Civ. P. 11(b) provides in pertinent part: "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Our client, Dr. Suter, upon being identified by your client's subpoena to her internet service provider, stated to your client that she did not download, view, redistribute or otherwise engage in any of the conduct alleged to have violated your client's copyrights in certain alleged works of authorship owned by your client. She told your client that a friend of her son's downloaded the content, that she had no prior knowledge of his actions, and that when she was informed that he had done so, she terminated his access and he also terminated all such conduct. Despite having that response, you filed a complaint against Dr. Suter. In that complaint you alleged (in pertinent part):

"22.    As the subscriber of the Internet service being used to distribute Plaintiffs copyrighted movies, <u>Defendant is the most likely infringer</u>. Consequently, Plaintiff hereby alleges Defendant is the infringer.

Jon A. Hoppe, Esq.
November 19, 2012
Page 2 of 4

      23.      *Defendant is the only person who can be identified as the infringer at this time*.

      28.      *By using the BitTorrent protocol, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit*.

(emphasis added).  Your client had at the time it filed the complaint, and certainly now has, no evidence supporting allegation 28.  Allegations 22 and 23 are simply not a sufficient basis to meet the requirement under Rule 11 that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  See Hard Drive Productions, Inc., v. Does 1-90, No. C11-03825 HRL (U.S.D.C. N.D. Cal, San Jose Div, March 30, 2012) discussed more fully below.

      Moreover, once Dr. Suter hired our firm, I provided you with a declaration under oath, in which Dr. Suter reiterated what she had told your client, and I requested at that time that you dismiss the case, or if you would not, *indicate what additional information you needed to meet your Rule 11 obligations*.  You responded and requested that we obtain the declaration under oath of the person who actually engaged in the infringing acts.  Despite having no duty to do so, we obtained that declaration and provided it to you.  So, you now have the full identity, and for all practical purposes, the confession of, the actual infringer.

      Having received the declaration (which contains all of the information we can obtain from the infringer and in which he admitted infringement), you have demanded that Dr. Suter "assist" your client in prosecuting its case, and further, that she effectively guarantee that the infringer make a settlement with your client.

      Dr. Suter owes your client no tort, contractual, statutory or other duty to assist your client either in identifying, or making a claim against, the actual infringer.  The only cases that even remotely would establish such a rule (e.g. A & M Records, Inc. v. Napster, Inc., 239 F. 3d 1004 (9th Cir. 2001) and its progeny) clearly only apply when the party (a) had knowledge of the infringement; and (b) induced those parties to engage in such acts.  There is simply no law, and no "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" that obligates Dr. Suter to assist your client.  The request for such assistance is therefore unfounded and made simply to harass our client and to prolong and needlessly increase the cost of litigation.

      Dr. Suter does owe a duty to the court to answer properly propounded discovery truthfully.  However, there is no requirement that she be a defendant to do so, as you have third party discovery rights, such as a subpoena and deposition, to discover whatever additional information you believe you might need (though I cannot imagine what it is, because, as you requested, the infringer has been identified to you, and the manner of infringement has been admitted).  Again, see Hard Drive Productions, supra.

      On the merits of your claim, you have alleged that Dr. Suter "using the BitTorrent protocol, [] copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit" - based solely on the identification of her internet protocol address.

      As I have stated to you on several occasions, service providers that do not store, but merely process, packets sent over the internet, are immune from liability.  17 U.S.C. Sec 512(a).  That section is self effectuating - it does not require any registration by the service provider.  The packets of information that contained the allegedly copyrighted content passed through many IP addresses, and many providers.  All you have done is identified the last public IP address at which such packets passed - and have assumed that the acts allegedly constituting infringement were made by the person holding such IP.  See Allegation No. 22.  While that is enough information, typically, to justify a John Doe case to issue a subpoena and make further discovery (as you did with Dr. Suter's service provider), you did not do so

Jon A. Hoppe, Esq.
November 19, 2012
Page 3 of 4

with Dr. Suter.  Indeed, you simply ignored her statement that she did not engage in such acts, and sued her.  Had you sued Comcast, her provider, they would have the same defense she has.  Again, see Hard Drive Productions, supra.  It is well established that you and your client owe a greater duty to investigate cases than was done here.  You were obligated to subpoena Dr. Suter first before suing her after she denied that she actually engaged in the conduct at issue.  She, like Comcast, would have had a duty to answer the subpoena, identify the infringer, and provide contact information for him.

We have now given you the information you would have gotten had you followed proper procedure.

You have no evidence of Dr. Suter's participation in the acts constituting infringement, and 17 USC 512(a) clearly states she is not liable for the packets passing through her device that she did not herself cause to be transmitted.  Her declaration states under oath all of the elements that establish such immunity.

In A & M Records, Inc. v. Napster, Inc., 239 F. 3d 1004 (9th Cir. 2001) the court reviewed the liability of a person who did not directly cause the infringement.  The law in this area can be summarized as follows:

> "evidence of actual knowledge of specific acts of infringement is required to hold a computer system operator liable for contributory copyright infringement. [Religious Tech. Ctr. v. Netcom On-Line Communication Servs., Inc., 907 F.Supp. 1361] at 1371.
>
> The court determined that for the operator to have sufficient knowledge, the copyright holder must "provide the necessary documentation to show there is likely infringement." 907 F.Supp. at 1374. […]
>
> [A]bsent any specific information which identifies infringing activity, a computer system operator cannot be liable for contributory infringement merely because the structure of the system allows for the exchange of copyrighted material. See [Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984)], 464 U.S. at 436, 442-43, 104 S.Ct. 774. To enjoin simply because a computer network allows for infringing use would, in our opinion, violate Sony and potentially restrict activity unrelated to infringing use."

In the Napster case there was significant evidence of knowledge on the part of Napster that its users were engaging in infringing activity; moreover, there was evidence that Napster encouraged such infringement. You have, and cannot adduce in this case, such evidence.

In Hard Drive Productions, supra, the court noted the proper procedure in these cases:  "Although plaintiff contends that it will "fully identify" the Doe defendants if it can subpoena the ISPs for subscriber information, *the subpoena is only the first step in a lengthy extra-judicial investigation that may or may not lead to naming any Doe defendants in this lawsuit*. In response to a subpoena, the ISP produces the identity and contact information of the subscriber associated with a particular IP address. This subscriber may be the infringer who participated in the swarm, *or he may just be the person who pays for internet access in a given household*. Multiple people may, and often do, use a single ISP subscription—family members, roommates, guests, or other individuals (unknown to the subscriber) who access the internet using any unprotected wireless signals they can find. The named ISP subscriber may or may not be the infringer, as plaintiff acknowledges by saying that it may need to take further discovery even after it locates the subscribers whose IP addresses appeared in the swarm. Dkt. No. 16, p. 4." (emphasis supplied).

Jon A. Hoppe, Esq.
November 19, 2012
Page 4 of 4

      There is no law, and no reasonable non frivolous argument for the extension of law, to support automatic or strict liability on the part of a person who maintains a wireless router and allows another person to use that router, without prior knowledge of the infringing acts of that person.

      This is the last request I make that you dismiss the case against Dr. Suter. You have no evidence that she is liable, and now are simply using the fact she is incurring attorneys fees to "force" her to assist your client. She owes no such duty, nor is she a guarantor of any settlement from the infringer.

      I might also add that your client initially demanded Dr. Suter pay $7,000, calculated $1,000 per movie downloaded, though by your client's own statement to me, only 5 of those movies had timely filed copyright registrations. Your client would be obligated to prove actual damages for the 2 unregistered works. To lump in those 2 unregistered applications with the registered applications on which your client was presumably calculating $1,000 per work statutory damages, is further evidence of the use by your client of the fact our client will incur attorneys' fees to demand an unfair amount to resolve the matter.

      If our client is not dismissed (or you do not identify some reasonable good faith basis for continuing this case), we will seek sanctions against your client and you for the attorneys' fees Dr. Suter incurs to have this case dismissed.

                                              Very truly yours,

                                              Michael D. Oliver

Cc: Dr. Barbara Suter