UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK COLLINS, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action Case No. 1:12-cv-00971-BAH |
| | ) |
| v. | ) |
| | ) |
| BARBARA SUTER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT <u>UNDER FED. R. CIV. P. 56(c)</u>**

I. **<u>INTRODUCTION</u>**

Each of Defendant's arguments runs afoul of well-established law and should be rejected. First, this Court should not convert Defendant's Motion to Dismiss into a Motion for Summary Judgment until Plaintiff has been afforded a reasonable opportunity to conduct discovery. In her motion, Defendant simply offers a denial of infringement and requests the Court enter summary judgment before Plaintiff has a reasonable time to investigate and disprove this denial. Defendant's argument should be rejected because the Federal Rules of Civil Procedure and United States Court of Appeals for the District of Columbia Circuit precedent require an opportunity for discovery before Summary Judgment is proper.

Second, Plaintiff properly pled a prima facie case of copyright infringement against Defendant under Supreme Court precedent. Defendant erroneously argues that she cannot be held liable for infringement because the Copyright Infringement Liability Limitation Act, 17 U.S.C. § 512, makes her immune from liability. Section 512(h) however in applicable because

1

Defendant is not a service provider. Defendant additionally argues that Plaintiff's Complaint should be dismissed because Plaintiff did not attach its copyright registrations to the Complaint. As courts throughout the country have noted, this is not a basis to dismiss a case. This is particularly true as Plaintiff's Complaint reasonably alerted Defendant to the claims against her.

For these reasons, as more fully explained below, the Court should deny Defendant's motion to dismiss and motion for summary judgment.

## II. FACTS

Plaintiff's investigator – IPP Limited – recorded the IP Address assigned to Defendant distributing seven (7) of Plaintiff's movies a total of two hundred and ten (210) different times. *See* Exhibit A. This infringement occurred over a span of more than six (6) months. *Id.* Each infringement occurred by using a popular peer-to-peer file sharing system called BitTorrent. On July 11, 2012, your Honor entered an Order granting Plaintiff expedited discovery to issue a subpoena to Defendant's Internet Service Provider ("ISP") so that it may identify Defendant and pursue its claims of copyright infringement. On July 13, 2012, Defendant's infringement stopped. *Id*. On October 22, 2012 Plaintiff amended its complaint to name Defendant and proceed with its case against her.

After serving the Defendant with the Amended Complaint, on October 31, 2012, Plaintiff received a declaration from Defendant's counsel in which Defendant stated she was not the infringer. On November 7, 2012, Plaintiff in good faith requested that if Defendant is not the infringer and knows who the infringer is, to provide Plaintiff with either a declaration and the infringer's contact information or a declaration from the infringer admitting to the infringement. Six days later Defendant provided Plaintiff with a declaration of someone by the name of Amon Hotep, who claims to be the infringer but failed to provide a valid address or any contact

information for Plaintiff to independently verify his assertions. Counsel for Plaintiff thereafter requested Defendant provide more specific information "which would facilitate his substitution as the Defendant in said matter." *See* Exhibit B. Counsel for Plaintiff also explained that the information provided is not sufficient to establish personal jurisdiction. *Id.* Plaintiff's counsel later requested either more concrete evidence of his status or a request for Defendant to testify against her house guest. *Id.* Both of these requests were refused.

At this point in time Plaintiff has not been afforded the opportunity for discovery to question Defendant, Defendant's son, the so-called house guest/infringer, or any of Defendant's other infringers. Plaintiff has been more than reasonable in its willingness to welcome exculpatory evidence from Defendant, but simply refuses to dismiss its claims on Defendant's thin unsupported declarations that lack critical evidence or support.

### III.  ARGUMENT

#### A.  Online Peer-to-Peer Copying and Distribution Is Copyright Infringement

During her testimony before the U.S. Senate, the Register of Copyrights stated "Mr. Chairman, make no mistake. The law is unambiguous. Using peer-to-peer networks to copy or distribute copyrighted works without permission is infringement and copyright owners have every right to invoke the power of the courts to combat such activity. *Every court* that has addressed the issue has agreed that this activity is infringement."[1] (Emphasis added.) Vice President Biden stated: "[i]t's smash and grab, no different than a guy walking down Fifth Avenue and smashing the window at Tiffany's and reaching in and grabbing what's in the

---

[1] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary,* 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

window."[2]  The Supreme Court in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* 545 U.S. 913, 125 S.Ct. 2764 (2005), found that Grokster was liable for contributory infringement because it materially aided and induced its users to commit direct infringement via its peer-to-peer file sharing service.  Similarly, the First, Second, Seventh, Eighth, Ninth and D.C. Circuits have all held that peer-to-peer infringement is actionable.  *See Sony v. Tennenbaum,* 660 F.3d 487 (1st Cir. 2011) (holding in a twenty-six (26) page opinion that Tennenbaum was liable for infringement committed through a peer-to-peer network, that peer-to-peer infringement is not "fair use" nor would any other defense shield Tennenbaum's tortious conduct, and that the statutory damages clause set forth in the Copyright Act is constitutional); *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (denying an individual John Doe Defendant's motion to quash a subpoena issued to an internet service provider in response to an allegation that the John Doe Defendant infringed Arista's copyrights through a peer-to-peer file sharing network); *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003) (upholding a preliminary injunction because Aimster was contributorily liable for its users' direct infringements);  *In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771, 774 (8th Cir. 2005) (opining that copyright owners can use a Rule 45 subpoena to identify peer-to-peer file sharers because those file sharers *are* infringing the owners' copyrights); *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001) ("[w]e agree that the plaintiffs have shown that Napster users infringe at least two of the copyright holders' exclusive rights: the rights of reproduction, § 106(1); and distribution, § 106(3)"); and *RIAA v. Verizon Internet Services, Inc.,* 351 F.3d 1229, 1238 (D.C. Cir. 2003) (repetitively acknowledging that file sharing is infringement).

In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by increasing the statutory remedies:

---

[2] See http://www.reuters.com/article/2010/06/22/us-usa-trade-web-idUSTRE65L3YN20100622

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 <u>to increase the minimum and maximum awards</u> available under § 504(c). See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement. Congress found that "copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies," and cautioned that 'the potential for this problem to worsen is great.'

*Sony v. Tennenbaum,* 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added). By specifically amending the Copyright Act to deter on-line infringement Congress evinced a clear and unmistakable intent that people who download works on-line commit infringement.

### B. <u>Legal Standard for a 12(b)(6) Motion to Dismiss</u>

"On review of a 12(b)(6) motion a court 'must treat the complaint's factual allegations as true ... and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). However, allegations pled as legal conclusions are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And, it must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.*

### C. Defendant's Motion for Summary Judgment Must Be Denied Because Plaintiff <u>Has Not Been Afforded the Opportunity for Discovery</u>

Defendant denies that she is the infringer and argues the Court should find on summary judgment for this denial without affording Plaintiff the opportunity for discovery to disprove the allegation. It is improper to convert a 12(b)(6) motion into a Rule 56 motion when a party has not been given a reasonable time to conduct discovery.

> [I]f in considering a motion to dismiss under Rule 12(b)(6) for failure of the complaint to state a claim for relief, 'matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'

*Id.* "When a district court converts a Rule 12(b)(6) motion to one for summary judgment, it must allow all parties both a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56' and a chance 'to pursue reasonable discovery.'" *Taylor v. F.D.I.C.*, 132 F.3d 753, 765 (D.C. Cir. 1997); *see also Gordon v. Nat'l Youth Work Alliance*, 675 F.2d 356, 361 (D.C. Cir. 1982) ("Given that the District Court clearly considered 'the entire record herein,' including matters outside the pleadings, it did not provide plaintiff 'reasonable opportunity' to present relevant material. It did not inform the parties that it was considering the motion as if it were a motion for summary judgment, nor did it solicit further submissions").

This Court should deny Defendant's motion for summary judgment without prejudice so that Plaintiff may conduct discovery and investigate its claims. If this Court were to deny Plaintiff the opportunity for discovery, any Defendant in an on-line copyright infringement case would simply be able to provide a declaration and be free of liability. This would effectively prevent Plaintiff from pursuing claims against those that steal its property.

### D. Plaintiff Pled a Claim of Direct Infringement

"A plaintiff seeking to establish copyright infringement must prove '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Stenograph L.L.C. v. Bossard Associates, Inc.*, 144 F.3d 96, 99 (D.C. Cir. 1998). Plaintiff pled a prima facie case of infringement. "Plaintiff is the registered owner of the copyrights set forth on Exhibit "A" (the "Copyrights-in-Suit.")." Complaint at ¶ 3. "By using the BitTorrent protocol, Defendant copied and distributed the constituent elements of each of the original works covered

6

by the Copyrights-in-Suit." Complaint at ¶ 28. "Plaintiff did not authorize, permit or consent to Defendant's copying of its works." Complaint at ¶ 29. "Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with the IP address set forth on Exhibit A on each of the hit dates set forth on Exhibit A." Complaint at ¶ 16. "Each of the pieces of data distributed by Defendant to IPP Limited as set forth on Exhibit A is part of a computer file containing a copy of a movie covered by a Copyright-In-Suit which is identical (or alternatively, strikingly similar or substantially similar) to the movie covered by the Copyright-In-Suit. Indeed, the infringement was verified by viewing the copy of the movie contained in the computer file associated with the cryptographic hash value to the movie that was registered." Complaint at ¶ 20.

### E. Plaintiff Is Not Required to Plead Its Registrations

Failing to include registration certificates in a complaint is not grounds for dismissal. Plaintiff's Amended Complaint states: "Plaintiff is the registered owner of the copyrights set forth on Exhibit "A" (the "Copyrights-in-Suit.")" Amended Complaint ¶3 CM/ECF 6. Further, Plaintiff's Exhibit A lists the Date of Registration for each work. *See* Amended Complaint Exhibit A CM/ECH 6-1. "Plaintiffs have alleged that each copyright that is the subject of this action is properly registered with the copyright office, and the court must accept these allegations as true for purposes of a motion to dismiss. Plaintiffs have sufficiently pleaded the matter of registration of the copyrights." *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 966 (N.D. Tex. 2006); *see also Sefton v. Jew*, 201 F. Supp. 2d 730, 748 (W.D. Tex. 2001) ("Plaintiff alleged in his complaint that he has complied with all copyright laws and that he owns all rights to the photographic and digital images that are the subject of this suit. Therefore, he has sufficiently pled the registration of the images at issue"); *Drake v. Malouf*, CIV.A.3:99-CV-0315-G, 1999 WL 1007642 (N.D. Tex. Nov. 5, 1999) ("[T]hese broad allegations … are clear

enough to serve the purpose of notice pleading contemplated by the rules"); *Bradley v. Badu*, 98 C 7337, 1999 WL 967556 (N.D. Ill. Oct. 15, 1999) ("The lack of such certificate at this stage is not fatal to the claim.").

Five of Plaintiff's claims are properly registered and Plaintiff has received certificates of registrations for these works. *See* Exhibit C. Plaintiff's complaint was sufficient to put Defendant on notice for its infringement as Defendant's counsel refers to the registrations in its emails containing settlement communications between Plaintiff and Defendant. *See* Def's Mot. CM/ECF 14-4 at 5. Defendant has also infringed two additional movies by Plaintiff which are pending registration. Twice this Court has held that an application pending with the United States Copyright Office is sufficient to bring a suit for infringement.

> This Court joins Judge Kennedy, the leading copyright treatise, and those **\*40** courts that have held that an infringement suit may be brought when a copyright application is completed and submitted to the United States Copyright Office. The more common practice is for courts to allow suit to go forward as soon as the application has been completed and submitted to the Copyright Office, along with the deposit of the work in question and the fee. *See* 2 Nimmer on Copyright § 7.16[B][1][a][i] (1999). According to Professor Nimmer, this approach "represents the better point of view, given that the claimant at that juncture has done all that it can do, and will ultimately be allowed to proceed regardless of how the Copyright Office treats the application." *Id.* This Court also believes that this approach is the correct one and is in harmony with the language of the Copyright Act.

*Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 39-40 (D.D.C. 2007). "To best effectuate the interests of justice and promote judicial economy, the court endorses the position that a plaintiff may sue once the Copyright Office receives the plaintiff's application, work, and filing fee." *Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am.*, 81 F. Supp. 2d 70, 72 (D.D.C. 2000). Here, Plaintiff has evidence that Defendant is a serial infringer and infringed seven of its movies. Although two of its movies are pending registrations, Plaintiff filed all of its claims against Defendant in the interest of judicial efficiency.

**F. Section 512(a) Does Not Apply Because Defendant Is Not A Service Provider**

Defendant incorrectly relies on Section 512 of the Copyright Act to claim she is not liable. The Online Copyright Infringement Liability Limitation Act, 17 U.S.C. § 512, *et seq.*, does not apply to Defendant. In short, it applies to ISPs. Here, Plaintiff sued Defendant for direct copyright infringement as an individual who has engaged in unlawful file-sharing. "To qualify for the 'safe harbor' provisions under the DMCA, a party must meet certain threshold requirements, including that the party (1) must be a "service provider" as defined by the statute." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 743 (S.D.N.Y. 2012). There are two definitions for the term "service provider":

> (A) As used in subsection (a), the term 'service provider' means an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received.
>
> (B) As used in this section, other than subsection (a), the term 'service provider' means a provider of online services or network access, or the operator of facilities therefor, and includes an entity described in paragraph (A).

17 U.S.C. § 512(k)(1). It is clear from the above definition that Defendant—an individual and <u>not</u> an entity or provider of online services—does not qualify for the safe harbor provisions of § 512. "Congress decided to pass a special set of rules for ISPs . . . It is not the role of this Court to extend Congress's specific intent . . .[.]" *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 418 (D.N.J. 2005).

**G. Attorney's Fees Are Unwarranted**

Defendant should not be awarded attorney's fees because Defendant has not yet demonstrated she is the prevailing party. Further, even if Defendant is the prevailing party,

attorney's fees under the Copyright Act are discretionary. *See* 17 U.S.C. § 505. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 1033, 127 L. Ed. 2d 455 (1994). "[A]ttorney's fees are to be awarded in the court's discretion; the court may take into account such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Roeslin v. Dist. of Columbia*, 921 F. Supp. 793, 800 (D.D.C. 1995). Here, Defendant's game of hide the ball left Plaintiff with little option but to continue its suit.

Plaintiff filed suit against an egregious infringer of its copyrights. Defendant contends that she is not the infringer but provided no evidence other than a declaration of her own, and a declaration from a so-called infringer, but provided no reasonable means for Plaintiff to contact or pursue its claims against the infringer. Ultimately, Defendant's property was used to hurt Plaintiff. Plaintiff's motivation and actions were reasonable. Plaintiff sought recourse against an individual that had stolen seven of its films. If Plaintiff simply gave up every time a Defendant sent Plaintiff an invalid declaration from a so called infringer, Plaintiff would never be able to pursue any of its claims and would have no deterrence. Defendant should not be rewarded for such actions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: January 22, 2013

                                                          Respectfully Submitted,

By: /s/ *Jon A. Hoppe*
Jon A. Hoppe, Esquire #438866
Counsel
Maddox, Hoppe, Hoofnagle &
Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January, 2013, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF and on all of those parities receiving electronic notification via the Court's CM/ECF electronic filing.

By: /s/ *Jon A. Hoppe*
Jon A. Hoppe, Esquire #438866