## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PATRICK COLLINS, INC.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 1:12-cv-00971-BAH** |
| | ) | |
| **BARBARA SUTER** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(c)

Defendant Dr. Barbara Suter files this REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(c) and states as follows:

### I.      PLAINTIFF IS NOT ENTITLED TO ADDITIONAL DISCOVERY

*A.      Plaintiff has not complied with Fed. R. Civ. P. 56(d)*

Fed. R. Civ. P. 56(d) requires that the non moving party asserting lack of access to facts as a basis to oppose a motion for summary judgment must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition…"  Plaintiff has not provided an 'affidavit or declaration' much less identified any material facts that it needs to obtain to oppose the motion.  Plaintiff has made no effort to contact or even commence an action against the admitted infringer, and seeks to continue this case in an effort to have Dr. Suter provide assistance beyond what information she has already provided, which is all the information she has.

Even if the asserted need for discovery here was properly supported by an affidavit or declaration, the asserted need for additional discovery is insufficient.   In *Brookens v. Solis*, 616 F.Supp.2d 81 (D. D.C. 2009), the court, in denying discovery in connection with a motion for summary judgment filed before discovery commenced, explained:

> "While summary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery,' [...], under Rule 56(f)[1], a party opposing a summary judgment motion must 'show[ ] by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition.' In this regard, the opponent of summary judgment must provide the 'requisite specificity' to justify his request for discovery. [...] (citing *Messina v. Krakower*, 439 F.3d 755, 762 (D.C.Cir.2006) ('A party making a Rule 56(f) request must state[ ] concretely why additional discovery is needed to oppose a motion for summary judgment.') (citation and internal quotation marks omitted)); *Byrd v. EPA*, 174 F.3d 239, 248 n. 8 (D.C.Cir.1999) (party seeking discovery bears the burden of identifying the facts to be discovered that would create a triable issue and reasons why the party cannot acquire those facts without discovery to challenge a motion for summary judgment); *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C.Cir.1989) (plaintiff must "state with sufficient particularity ... why discovery [is] necessary")."

*Brookens*, 616 F.Supp.2d at 96-97. "The affidavit 'cannot be a generalized, speculative request to conduct discovery but must demonstrate that further specified discovery will defeat a summary judgment motion.' *Maduforo v. Urban Serv. Sys. Corp.,* 2009 WL 2378743, at *1, 2009 U.S. Dist. LEXIS 66591, at *2-3 (D.D.C. July 31, 2009) (emphasis omitted)."   *Estate of Parsons v Palestinian Authority*, 715 F.Supp.2d 27, 35 (D. D.C. 2010), *aff'd* 651 F.3d 118 (D.C. Cir. 2011).  Moreover,

> "Bare allegations or vague assertions of the need for discovery are not enough" under Rule 56(f).  [*Summers v. Leis*, 368 F.3d 881 (6th Cir.2004) . . . ] at 887 (citations omitted). To fulfill the requirements of Rule 56(f), [the non moving party] had to describe with "'some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment.'" *Id.* (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.,* 86 F.3d 1138, 1144 (Fed.Cir.1996))." See *Everson v. Leis*, 556 F.3d 484 (6th Cir. 2009).

---

[1] This case addressed a prior version of Fed. R. Civ. P. 56 where current subsection (d) was set forth in subsection (f), however, the operative language of the Rule did not change.

Plaintiff has not met its burden to establish with precision the materials it hopes to obtain with further discovery, and exactly how it expects those materials would help it in opposing summary judgment.

>       B.      *Plaintiff's discovery request will perpetuate its effort to cause Defendant undue expense and burden, and work an effective civil extortion of payment merely to avoid further cost, expense or time expended by Dr. Suter.*

As more fully set forth in the Motion, after counsel contacted Plaintiff, counsel asked Plaintiff if there was any other discovery or evidence they wanted to review to meet their legal duty to prosecute the case in good faith. The only response to this was the demand that the actual infringer be identified and admit infringement. Despite owing no duty to do so, Dr. Suter complied.[2] Until Plaintiff responded to the Motion, however, Plaintiff never asked for any other discovery or information from Dr. Suter.

This Reply will not unduly restate the argument made in the Motion. However, now that additional discovery has been requested, Dr. Suter restates her argument that allowing this case to continue - particularly now if additional discovery is allowed, discovery that Plaintiff should have engaged in before suing Dr. Suter – will further perpetuate the civil extortion business plan of the Plaintiff to shakedown anyone connected with the public IP through which their copyrighted content passes.[3]

---

[2] Contrary to Plaintiff's submission, the affidavit of the infringer (**Exhibit C** to the Motion) identifies his physical address – it is the same address as Dr. Suter.

[3] *Hard Drive Productions, Inc., v. Does 1-90*, No. C11-03825 HRL, 2012 U.S. Dist. LEXIS 45509, *8-9, *23  (U.S.D.C. N.D. Cal, San Jose Div, March 30, 2012) (noting that the cable modem subscriber "*may just be the person who pays for internet access in a given household,*" that "*The named ISP subscriber may or may not be the infringer*" and that "[T]he court will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (*and innocent others caught up in the ISP net*). Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting "settlement" payments from persons who may or may not be infringers. This court is not willing to do."); *Patrick Collins, Inc. v. John Does 1 through 37*, No. 2:12-cv-1259-JAM-EFB, 2012 U.S. Dist. LEXIS 96350, *9 (U.S.D.C. E.D. Cal, July 11, 2012); *Malibu Media, LLC v. John Does 1 through 10*, 2012 U.S. Dist. LEXIS 89286, at *8-9 (C.D. Cal. June 27, 2012); and *Malibu Media, LLC v. Does 1-5*, 2012 U.S. Dist. LEXIS 77469, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012) (noting that the court "*shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded*" and

## II.        NONE OF THE CASES CITED BY PLAINTIFF APPLY IN THIS CASE

Plaintiff cites *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S.Ct. 2764 (2005), *Sony v. Tennenbaum*, 660 F.3d 487 (1st Cir. 2011), *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003), *In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771, 774 (8th Cir. 2005), *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001) and *RIAA v. Verizon Internet Services, Inc.*, 351 F.3d 1229, 238 (D.C. Cir. 2003) – all principally for the proposition that "peer-to-peer infringement is actionable" – a legal proposition not disputed here.   Plaintiff further failed to refute or address a single case cited by Defendant – all of which were substantially on point with the facts in this case.

The issue is not whether "peer-to-peer infringement is actionable" – the issue here is whether Dr. Suter engaged in such acts, and more specifically, whether merely holding a public IP address assigned to a home cable user makes that home cable user liable for the unknown actions of third parties who accessed and used that internet connection.

Several of the cases cited by Plaintiff involve *indirect* copyright infringement (a cause of action not pleaded in the Complaint), which is a cause of action separate from *direct* copyright infringement,[4] and all of the other cases cited except for one deal only with the right of a copyright holder to sue anonymously, subpoena service providers holding contact information, and obtain the identity of the holder of the public IP address source of the allegedly infringing activity.[5]  As such, none of those cases apply here.

---

that "The federal courts are not cogs in a plaintiff's copyright-enforcement business model. *The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial.*")(emphasis in all cases supplied)

[4] *Grokster*, *In re Aimster*, and *Napster*.

[5] *Arista Records*, *In re Charter Communications* and *RIAA v. Verizon*.

The only case Plaintiff cites that involves direct infringement is *Sony v. Tennenbaum*.  In that case Joel Tennenbaum admitted knowingly downloading copyrighted content and sharing that content through a peer to peer network.  In discussing the nature of peer to peer networks, the Sony court stated "Peer-to-peer networks enable individuals both to make digital files *stored on their own computers* available to other network users and to *download such files from the computers of others*."  *Sony v. Tennenbaum*, 660 F.3d at 491 (emphasis supplied).  The only evidence before the court here is that Dr. Suter neither stored on her own computer, nor downloaded files from other persons computers, any of the allegedly copyrighted content of Plaintiff.  *Sony v. Tennenbaum* is therefore inapposite.

**III.    ANYONE CAN BE A "SERVICE PROVIDER" UNDER 17 U.S.C. § 512(a) AND A PERSON WHO ALLOWS THIRD PARTIES TO ACCESS THEIR INTERNET CONNECTION QUALIFIES AS SUCH, AND THEREFORE IS IMMUNE FROM SUIT**

Neither party has cited, and there appear to be no cases addressing,[6] whether a homeowner (or renter) that provides internet connections to third parties using their cable internet connection can be a "service provider" within the meaning of 17 U.S.C. § 512(k)(1)(A).[7]  When an internet packet communication travels from one point to its destination point, it traverses any number of devices that forward that packet along the chain to the next "route" location.  Eventually, that packet is transmitted to its final IP address destination, which in this case and most cases, is the cable modem owned or rented by a consumer or business.   However, once at the final public IP, it can be (and almost always is) further routed to computers, mobile devices, printers and other devices, which have private IP addresses.

---

[6] Plaintiff cites *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 418 (D.N.J. 2005) for the proposition that Dr. Suter cannot be a service provider.  *Flea World*, however, is a case where the defendant – a flea market - was accused of knowingly allowing its vendors to sell "bootleg" unauthorized phonorecords, and the defendant asserted "by analogy" that it was entitled to service provider immunity.  The court merely found the provision inapplicable because the flea market did not offer "the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user."  *Flea World*, 356 F. Supp. 2d at 417.

[7] § 512(k)(1)(A) provides "As used in subsection (a), the term "service provider" means an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received."

Each of the devices that forward internet packets, as long as they meet the requirements of 17 U.S.C. § 512(a), are immune from suits like this.   While it may be that most of the owners of each intermediate device are an "entity," that is not the substantive issue Congress was addressing when it drafted this definition.   Rather, it was focused on the distinction between a service provider that routes digital online communications "between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received" and the other type of service provider that provides "online services or network access, or the operator of facilities therefor." Dr. Suter does not meet the definition of a service provider under 17 U.S.C. § 512(k)(1)(B) because she did not register as a "service provider" (a requirement under 17 U.S.C. § 512(c)) and she probably was not providing "online services."   She does, however, meet the requirements of 17 U.S.C. § 512(k)(1)(A) because when she allowed her houseguest to access the internet using her internet connection, she did so meeting all of the requirements of 17 U.S.C. § 512(k)(1)(A) and 17 U.S.C. § 512(a).

Any other construction will have the effect of making the owner or renter of a cable modem strictly liable for the users thereof, even when they have no knowledge of the actions of those persons using that connection.   A ruling that gives a copyright holder ammunition to extort unfair settlements from persons who are not actually liable for copyright infringement is not intended by the language used in the statute.   For the above reasons Dr. Suter asks that the court find that the term "entity" as found in § 512(k)(1)(A) should not be construed narrowly, but rather it should be construed liberally to cover anyone, whether "incorporated" or not, with the benefit of the immunity in § 512(a), as long as they otherwise meet the requirements of § 512(a).

## IV.   PRINTOUTS FROM THE COPYRIGHT WEBSITE ARE NOT COMPETENT EVIDENCE OF A REGISTRATION CERTIFICATE

Plaintiff bears the burden of establishing that it has a certificate of registration for the copyright for the works it alleges were infringed.   Plaintiff submitted as evidence printouts from the Copyright Office's website.   Such evidence is not admissible to prove Plaintiff is the owner

of the copyright registration certificate.  17 U.S.C. § 411(a) does not permit a plaintiff to initiate or continue an infringement action unless "registration of the copyright claim has been made in accordance with this title" and 17 U.S.C. § 411(b) provides that "[a] certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information…"

An official record of a government office must be authenticated under Fed. R. Evid. 901(a) and 901(b)(7) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is").  Public records are authenticated by obtaining a certified copy from the custodian of the record.  See Fed R. Evid. 1005 ("The proponent may use a copy to prove the content of an official record — or of a document that was recorded or filed in a public office as authorized by law — if these conditions are met: the record or document is otherwise admissible; and the copy is certified as correct in accordance with Rule 902(4)[8] or is testified to be correct by a witness who has compared it with the original. If no such copy can be obtained by reasonable diligence, then the proponent may use other evidence to prove the content.")  The Copyright Office has a well established means of obtaining certified copies of its records, including certificates of registration.  See 17 U.S.C. § 706(b); 37 CFR § 201.2 and Compendium II: Copyright Office Practices, § 1906.

Plaintiff's lack of reasonable diligence to obtain such certificates establishes that Plaintiff's unsworn and unauthenticated printouts do not meet the admissibility requirements of

---

[8] **(4) *Certified Copies of Public Records*.** A copy of an official record — or a copy of a document that was recorded or filed in a public office as authorized by law — if the copy is certified as correct by: **(A)** the custodian or another person authorized to make the certification; or **(B)** a certificate that complies with Rule 902(1), (2), or (3), a federal statute, or a rule prescribed by the Supreme Court.

the Federal Rules of Evidence and must be rejected.  Having not established it has received registration of the copyrights it claims were infringed, Dr. Suter is entitled to judgment as a matter of law.

In addition, Plaintiff admitted in its response that it has no registration certificate for 2 of the movies included in the Complaint, and thus those claims must be dismissed under 17 U.S.C. § 411(a).

WHEREFORE, Defendant, having replied to Plaintiff's Memorandum, again moves this court to dismiss this case, or in the alternative, enter a judgment in favor of Defendant, and award Defendant all of its costs and expenses, as well as its attorneys' fees as authorized by 17 U.S.C. § 505.

Dated:  January 28, 2013                    Respectfully submitted,


                                            _____/s/_____
                                            Michael D. Oliver (#425598)
                                            Bowie & Jensen, LLC
                                            29 W. Susquehanna Ave.
                                            Suite 600
                                            Towson, MD 21204
                                            (410) 583-2400
                                            *Attorneys for the Defendant Dr. Barbara Suter*

**CERTIFICATE OF SERVICE**

I hereby certify that on the January 28, 2013 the foregoing REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(c) was filed with the Clerk of the Court using the CM/ECF and on all of those parities receiving electronic notification via the Court's CM/ECF electronic filing system.


__/s/_____
Michael D. Oliver, Esq. (#425598)