UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK COLLINS, INC.,<br>8015 Deering Avenue<br>Canoga Park, CA 91304<br><br>    Plaintiff,<br><br>v.<br><br>BARBARA SUTER,<br><br>    Defendant. | Civil Action Case No. <u>1:12-cv-00971-BAH</u> |

**PLAINTIFF'S DETAILED DISCOVERY PLAN**

Pursuant to the Court's Order [CM/ECF 18], Plaintiff hereby submits the following discovery plan:

I. **BACKGROUND**

    1. **Plaintiff's Initial Conversation with Defendant**

Plaintiff filed the above action after its investigator recorded nearly six months of copyright infringement. Eight of Plaintiff's movies were infringed. The infringement by Defendant's IP address began on January 25, 2012 and did not end until July 13, 2012. During those six months Plaintiff's investigator recorded instances of infringement two-hundred and twenty-three (223) times.

Upon learning Defendant's identity from her Internet Service Provider ("ISP"), Plaintiff contacted Defendant to notify her of the case.[1] At that time, Defendant stated that her son and two of his friends are all in their 20s and must have been responsible for the downloading. She further advised Plaintiff she would speak with an attorney and call back.

Plaintiff did not receive a response from Defendant and proceeded with its lawsuit.

---

[1] See the attached Declaration of Norman Illescas explaining the relationship of Elizabeth Jones.

1

## 2. **Defendant Provided Plaintiff with a Declaration that was not only Inaccurate but False and Misleading**

Upon being served with the Complaint, Defendant retained counsel and provided Plaintiff with a declaration under penalty of perjury. *See* Exhibit A. Defendant's declaration contained two demonstrably false material statements. These two statements are:

> My son and I have friends that periodically come over and we provide them the passphrase to connect their computers to my Devices via the wireless connection. Their devices can range from phones, tablets to laptops and computers.

*Id*. at ¶ 4. This statement was intended to mislead into Plaintiff into believing that one of her son's friends committed the infringement and that she did not know the identitiy of the infringer. As explained below, she did know the identity of the infringer.

> I have and had no knowledge that any person who I provided any access to my wireless Devices had downloaded or used bit torrent, or any other file sharing software, and never accessed, reproduced, downloaded, stored, distributed, made derivative works from, or otherwise viewed any of the content listed in the attachment to the compliant in Patrick Collins, Inc. v. Barbara Suter, 1:12-cv-00971-BAH (U.S. D.C.).

*Id*. at ¶ 7. As explained below, at the time she made this statement she did know the identity of the infringer.

To explain, approximately two weeks later, after Plaintiff refused to dismiss Defendant from the case on the basis of her declaration, Defendant provided Plaintiff with the declaration of Mr. Hotep. *See* Exhibit B. Mr. Hotep's declaration states:

> I reside at 6350 31st St NW Washington dc 20015. I am a guest at this property –
> I am visiting Dr. Barbara Suter, the owner of that property.

*Id*. at ¶ 2.

> Dr. Suter had no knowledge of my activities (until she was advised of the complaint referenced above). As soon as she became aware of the complaint she asked me to delete the software and movies, and I deleted all of the bit torrent software and the movies from my laptop and have not since that time used any bit torrent software or to my knowledge, downloaded any movies that I had not paid for.

2

*Id*. at ¶ 5.

Mr. Hotep's declaration shed light on Defendant's glaringly false statements. Specifically, when Defendant provided Plaintiff with her declaration she knew Mr. Hotep was the infringer but testified otherwise. Further, she knew Mr. Hotep had resided in her home for at least six months – ie. long enough to commit the infringement, but instead referred to her guests as visiting "periodically".

According to Mr. Hotep, Ms. Suter, became aware that he was the infringer when "she was advised of the complaint". Ms. Suter was first notified of the Complaint by Comcast in July, after the Court issued its Order granting Plaintiff leave to subpoena Comcast. Even if she did not receive the notice provided by Comcast, Plaintiff notified her of the Complaint in September. Without question, Ms. Suter was aware of the Complaint when she submitted her declaration – *under penalty of perjury* – claiming she had no knowledge of who committed the infringement.

Not only did Ms. Suter commit perjury, Mr. Hotep reveals that she advised him to delete all evidence of the infringement materially impeding Plaintiff's ability to conduct discovery despite knowing that there was pending litigation.

### 3. **Mr. Hotep's Declaration Was Incomplete**

Mr. Hotep's declaration was incomplete because it did not sufficiently identify his residence and it did not provide Plaintiff with a way to verify his statements.

Mr Hotep stated: "I reside at 6350 31st St NW Washington dc 20015. I am a guest at this property – I am visiting Dr. Barbara Suter, the owner of that property." *Id*. It was not clear to Plaintiff whether he had a more permenant residence to which he may return after his visit ended and if so, what address that permanent address was so that Plaintiff could effectuate service of process on him.

3

Plaintiff's concern that Mr. Hotep did not reside at Ms. Suter's home was well grounded considering that:

(1) Ms. Suter originally informed Plaintiff that Mr. Hotep was a friend of her son who "came over" and used her Internet connection.

(2) Counsel for Defendant verified this in a letter. *See* CM/ECF 14-4 at *4-5.

(3) Ms. Suter's declaration stated that her son's friends (presumably referring to Mr. Hotep) "periodically come over". *See* Exhibit A.

Plaintiff was concerned that as soon as it dismissed Ms. Suter and substituted Mr. Hotep as a defendant, he would leave Ms. Suter's home and return to his permanent residence, the address of which Plaintiff did not know. Further, given Ms. Suter's false statements, Plaintiff did not know if his declaration was even true.

Defendant put Plaintiff in a position where it could not move forward against the "real" infringer without more information and threatened Plaintiff with sanctions if it did not dismiss its case against her. Plaintiff refused to give up its valid claims despite Defendant's attempt to hide the ball.

**4. Plaintiff Conducted Its Own Investigation**

Throughout this suit Plaintiff has been attempting to learn more information about Mr. Hotep without the aid of Defendant. Undersigned located Mr. Hotep through an employer after private investigation. Mr. Hotep verbally verified his declaration several months after Plaintiff had filed its response for summary judgment and confirmed that he permanently resides with Ms. Suter.

In order to reach an amicable resolution, Plaintiff offered to resolve the dispute with both Mr. Hotep and Ms. Suter provided Mr. Hotep pay a reasonable fee and Ms. Suter stipulate to being dismissed and each party paying their own attorney's fees. However, Ms. Suter's counsel

informed Plaintiff that she would oppose any dismissal unless Plaintiff paid her attorneys fees in full. Ms. Suter made this demand despite Plaintiff's previous agreement to dismiss her once it verified it could proceed against Mr. Hotep. Instead of providing this information, Ms. Suter attempted to protect Mr. Hotep and filed a needless motion for summary judgment and now demands Plaintiff pay her fees for doing so.

Plaintiff does not believe Ms. Suter is entitled to fees. The Fifth Circuit's opinion in *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 727 (5th Cir. 2008) is directly on point. In *Virgin*, the copyright owner subpoenaed an ISP to identify the subscriber. Thereafter, the copyright owner, just like here, attempted to contact the defendant. Just like here, the defendant declared he was innocent. In *Virgin*, the defendant asserted the infringer may have been his adult daughter but he did not provide her name. *Id.* Here, Defendant first lied that she did not know the infringer and then, when pressed, admitted his name but withheld material information. The underlying rationale in *Virgin* is equally applicable here. Namely, even when a copyright owner has a strong reason to suspect the defendant is not the infringer, fees are not warranted when a copyright owner reasonably presses forward for the purpose of identifying the infringer. That is all Virgin and PCI did. And, in both cases fees are not warranted.

5. **Plaintiff May Have a Good Faith Basis for a Claim of Contributory Infringement Against Defendant**

After talking to Mr. Hotep and verifying parts of Defendant's story, Plaintiff has decided to file a motion for leave to dismiss its count for direct infringement against Ms. Suter and substitute Mr. Hotep as the defendant in this action.

That being said, Plaintiff is also subpoenaing Comcast for any records of copyright infringement and/or Digital Millennium Copyright Act ('DMCA") notices sent to Ms. Suter. Plaintiff and other entertainment companies have hired third parties to send DMCA notices through Comcast and other ISPs to its subscribers providing notice of ongoing copyright

infringement. Given the length and volume of the infringement, Ms. Suter may have known that the infringement occurred on her network for a substantial period of time and chose to not do anything about it. To succeed on a claim for contributory infringement, all that a plaintiff must prove is that one had knowledge of the infringement and provided material aid. Here, if Ms. Suter knew of the infringement and permitted Mr. Hotep to continue to use the internet, Plaintiff believes she may be contributory liable. This suspicion is warranted, despite her declaration to the contrary, because her declaration has already proven to be misleading and materially false. Plaintiff is reserving its right to bring a claim for contributory infringement against her depending on the outcome of the Comcast subpoena.

## II.     DISCOVERY PLAN

### A.   Third Party Subpoena to Comcast

Plaintiff intends to serve Comcast, Defendant's ISP, with a subpoena requesting Comcast produce documents of any and all copyright notices and/or DMCA notices which Defendant may have received. Within forty-eight hours of filing this discovery plan, Plaintiff will file a motion for leave to subpoena Comcast for these records with the Court, seeking a Court order so that it may comply with the Cable act.

### B.   Deposition of Barbara Suter

Plaintiff will depose Ms. Suter in order to learn the following:

(1) When she learned that copyright infringement was occurring on her network;

(2) When she learned of Plaintiff's Complaint against her;

(3) Her relationship with Mr. Hotep and the length of time he has resided at her residence;

(4) The circumstances surrounding her orders to Mr. Hotep to destroy evidence;

(5) Any other topic that Plaintiff deems relevant to its case.

    **C. Deposition of Amon Hotep**

Plaintiff will depose Mr. Hotep in order to learn the following:

(1) Confirm that he committed the infringements;

(2) The timing of when he discussed the infringement with Ms. Suter;

(3) The extent to which he destroyed evidence at Ms. Suter's command;

(4) Any other topic that Plaintiff deems relevant to its case.


Dated: September 9, 2013


                              Respectfully Submitted,

                              By: /s/ *Jon A. Hoppe*
                              Jon A. Hoppe, Esquire #438866
                              Counsel
                              Maddox, Hoppe, Hoofnagle &
                              Hafey, L.L.C.
                              1401 Mercantile Lane #105
                              Largo, Maryland 20774
                              (301) 341-2580


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of September, 2013, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF and on all of those parities receiving electronic notification via the Court's CM/ECF electronic filing.


                              By: /s/ *Jon A. Hoppe*
                              Jon A. Hoppe, Esquire #438866