UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK COLLINS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BARBARA SUTER, )<br>)<br>Defendants. )<br>_____ ) | Civil Action Case No.: 1:12-cv-00971-BAH |

## DECLARATION OF NORMAN ILLESCAS

**I, NORMAN ILLESCAS, DO HEREBY DECLARE:**

1. I am over the age of 18 and am otherwise competent to make this declaration.

2. Patrick Collins, Inc. ("PCI") is an adult film studio located at 8015 Deering Ave., Canoga Park, California 91304.

3. I have worked for PCI for the past eleven (11) years in various different positions. I currently oversee various operations and projects for PCI. From my service with PCI, I know that the statements made in this declaration are true and accurate.

4. PCI is one of the most prominent, popular and critically acclaimed adult movie studios in the world.

5. PCI has won numerous AVN Awards and XBIZ Awards.[1]

6. The volume of theft of PCI's movies over the internet is enormous and it greatly damages PCI's business, products, and reputation.

7. Elizabeth Jones worked with PCI from June 2011 until February 2013.

---

[1] *See http://en.wikipedia.org/wiki/Elegant_Angel#Awards* for a list of over 50 awards.

1

8.      During that time, Ms. Jones was authorized to communicate with defendants for the purpose of investigating copyright infringement claims and reaching resolution.

9.      PCI has not filed a new case since August 2012, thirteen (13) months ago.

10.     Ms. Jones stopped working with PCI in February 2013.

11.     The settlement offer of $7,000.00 from Ms. Jones was at the low end of the statutory damages spectrum and is much less than the amount PCI would seek at trial.

12.     The offered settlement amount was to resolve all prior infringements of PCI's works committed by a person using Defendant's Internet service. At that time, PCI had evidence that Defendant had infringed 6 registered works, 1 work with a pending application, and 1 unregistered work which PCI could have registered and sought actual damages. *See* Exhibit A. The Complaint only contained 5 of the registered works. Defendant was not misled as to the number of copyrights which had ripened into registrations and upon which Plaintiff had already sued. Indeed, this is confirmed by Ms. Suter's counsel's e-mail to Plaintiff stating, "Ms. Jones stated to me that only 5 of the titles listed in the complaint have filed registrations[.]" Based upon our prior copyright litigation, we know that courts routinely award three times the minimum statutory damages when willful infringement is proved, in other words, $2,250.00 per infringed work. Therefore, from PCI's perspective, the $7,000.00 offer from Ms. Jones was more than generous. We do not believe that Ms. Jones predicated the settlement offer on any certain number of registered works being infringed.

13.     Ms. Suter's IP address was used to download eight movies owned by PCI. *See* Exhibit A.

14. The Complaint erroneously included "Evalutionary 2," a work that was infringed that does not have a copyright registration and failed to include "Big Wet Brazilian Asses #9," a work that was infringed that was registered. *See id.*

15. Therefore, six movies were registered at the time Ms. Jones extended her offer. The seventh movie, "Gangbanged 3," was pending registration.

16. "Gangbanged 3" was released in February of 2012 and submitted for registration shortly after its release.

17. In conjunction with the registration process, PCI submitted the DVD of the movie to the Copyright Office.

18. Because PCI must mail its movies to the Copyright Office for registration (pursuant to the Copyright Office's deposit requirements), it was not uncommon for registrations to take between six months and a year.

19. PCI expected that the application would ripen into a registration. Unfortunately, the Copyright Office eventually informed PCI, several months after the attempted registration, that it had not received the DVD deposit copy of "Gangbanged 3," which PCI had mailed, and therefore could not register the work.

20. Upon receipt of such notice, PCI submitted another copy of "Gangbanged 3" to the Copyright Office instead of engaging in the administrative back and forth to determine what happened to the original copy which PCI had sent.

21. After receiving the second DVD copy of the work, the Copyright Office registered the movie, but with a much later than anticipated registration date due to the unavoidable delay.

22.	At the time the application for registration was filed with the Copyright Office, there was no reason whatsoever to believe that the work would not be registered in a timely fashion nor was it possible to anticipate the unexpected delay.

**FURTHER DECLARANT SAYETH NAUGHT.**

**DECLARATION**

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of September, 2013.

By: _____
**NORMAN ILLESCAS**